**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**


**AUDREY ROBERTSON,**                                                      **PETITIONER**

**V.**                                                                  **NO. 1:07CV7-D-D**

**STATE OF MISSISSIPPI, et al.,**                                        **RESPONDENTS**


## OPINION

This cause comes before the court on the petition of Audrey Robertson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He states that he was convicted on April 24, 2006, in the Circuit Court of Oktibbeha County, Mississippi, of fraud, burglary, and uttering forgery. He further states that he was sentenced to a term of 15 years, following a plea of guilty. He additionally says that he has appealed his conviction in Oktibbeha County which was denied. Petitioner has filed no other appeals of petitions for post-conviction relief. .

After carefully considering the contents of the *pro se* petition and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v.*

---

[1]  28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears
that-
(A) the applicant has exhausted the remedies available in the courts of the State;
or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of
the applicant.

(c)  An applicant shall not be deemed to have exhausted the remedies available in the
courts of the State within the meaning of this section, if he has the right under the
law of the State to raise, by any available procedure, the question presented.

*Lundy*, 455 U.S. 509 (1982).  More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits.  *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988).  A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief.  *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,*  677 F.2d 427, 443-44 (5th Cir. 1982)).

Plaintiff candidly acknowledges that he has not presented his case to the State's highest court. Therefore, he has not exhausted his available state remedies.  Consequently, his petition to this court is premature and must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 15th day of February, 2007

/s/ Glen H. Davidson
Chief Judge