UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

AUDREY ROBERTSON                                                              PETITIONER

V.                                                            CIVIL ACTION NO.1:07CV7-SA-JAD

STATE OF MISSISSIPPI                                                         RESPONDENT

## REPORT AND RECOMMENDATION

Audrey Robertson, facing an indictment for one count of burglary, one count of credit card fraud and two counts of uttering a forgery in Oktibbeha County and apparently two other indictments in Lowndes County, pled guilty to one burglary charge in the Circuit Court of Oktibbeha County, Mississippi on April 24, 2006. She was sentenced to fifteen years to serve and five years post-release supervision. She filed a motion for post-conviction relief in the same court on December 15, 2006. The motion asserted that there was an improper indictment and an involuntary guilty plea. The circuit court denied the motion without hearing. She appealed the denial of relief on the same two issues. The lower court's denial of relief was affirmed by the Mississippi Court of Appeals on June 26, 2007. She did not any further steps to pursue the appeal. The petition's stated grounds for relief are 1) hardship on her family and her desire to relocate; 2) dismissal of the post-conviction action without a hearing; 3) the failure to provide counsel for post-conviction relief; and 4) that her sentence is too harsh. She wishes for the court to release her and banish her from the state or to substitute house arrest for her incarceration.

## **LIMITATIONS ON REVIEW**

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary

to preserve each issue raised for federal review have been taken. The petition must be timely filed.[1]

Secondly, each claim in the petition must have been exhausted, 28 U.S.C § 2254(b)(1).[2] The claim must have been presented to the highest court in the state, here the Mississippi Supreme Court, either on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available the claim will be finally dismissed.[3] There are other procedural requirements, but due to Robertson's failure to exhaust the claims, these other requirements are not relevant.[4]

---

[1] There is no challenge to the timeliness of Robertson's petition.

[2] "An application of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies in the courts of the State." 28 U.S.C. § 2254((b)(1)(A). "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.), *cert. denied,* 516 U.S. 1050, 116 S.Ct. 115, 133 L. Ed. 2d 669 (1996) (citing *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)). The doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts," and thus "serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, 455 U.S. at 518, 102 S. Ct. at 1204)) (citations omitted)).

[3] *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995)

[4] "Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not review the prisoner's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Moawad v Anderson*, 143 F.3d 942, 947(5th Cir. 1998) citing *Stokes v. Anderson,* 123 F.3d 858, 859 (5th Cir.1997), *cert. denied,* 522 U.S. 1134, 118 S.Ct. 1091, 140 L.Ed.2d 147 (1998). A "fundamental miscarriage of justice" is shown only where the petitioner can establish his factual innocence of the crime of conviction, by new reliable evidence not presented at trial. *Fairman v. Anderson,* 188 F.3d. 635, 644(5th Cir. 1999)(citing *Ward v. Crain*, 53 F.3d108 (5th Cir. 1995).

If all the procedures have been followed in state court, the federal courts will then address issues affecting substantial federal constitutional rights. The federal courts do not function as super appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused.[5]

Robertson's claims are procedurally barred. The claims she makes in this court have never been presented to the state's highest court, the Mississippi Supreme Court. The claims she made in the state court are not repeated to this court. Robertson has procedurally defaulted her claims. State post-conviction relief is no longer available and the claims therefore should be dismissed with prejudice, *Sones* at 416, in the absence of a showing of cause for her default and actual prejudice or a fundamental miscarriage of justice. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). Robertson does not show any cause external to her that triggered her procedural default. In pleading guilty she admitted her guilt and does not argue that she did not commit the crime of conviction in this petition, so there can be no fundamental miscarriage of justice in failing to hear her petition.

Finally there can be no prejudice. None of the grounds state a claim for relief, as they do not allege violation of any constitutional right. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). Her sentence was agreed to in the plea bargain and less than the twenty-five year maximum available on just one of the multiple counts she faced. There is no constitutional claim arising from

---

[5] *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1981); *Engle v. Isaac,* 465 U.S. 107, 121, n. 21, 102 S.Ct. 1558, n. 21, 71 L.Ed.2d 783(1982); *Gilmore v. Taylor*, 508 U.S. 333, 113 S. Ct. 2112, 124 L.Ed.2d 306 (1993) (O'Connor, J. concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). *Id* at 348-9, 113 S. Ct at 2121.

her receipt of this sentence. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir.1987)(Relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law).

The undersigned recommends that the petition be dismissed with prejudice for failure to exhaust. All pending motions should be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 10th day of March, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE